# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 22-822

**STATE OF LOUISIANA**

**VERSUS**

**LADRAY BIAS, JR.**

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 12308-17
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

**WILBUR L. STILES**
**JUDGE**

**********

Court composed of Sharon Darville Wilson, Gary J. Ortego, and Wilbur L. Stiles, Judges.

**AFFIRMED.**

**Edward K. Bauman**
**LA Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Ladray Bias, Jr.**

**Honorable Stephen C. Dwight**
**District Attorney**
**Davis S. Pipes**
**Assistant District Attorney**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**STILES, Judge.**

Defendant, Ladray Bias, Jr., appeals his conviction for attempted second degree murder and his sentence of sixty years at hard labor, without benefit of probation, parole, or suspension of sentence. For the reasons set forth herein, we affirm his conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

On July 29, 2016, Defendant stabbed his girlfriend in the head, neck, back, and chest. He was charged with Attempted Second Degree Murder, in violation of La.R.S. 14:27 and La.R.S. 14:30.1. After a trial by jury, on June 15, 2017, Defendant was found guilty of attempted second degree murder by a ten to two verdict. On August 21, 2017, the trial court sentenced Defendant to serve forty years at hard labor with credit for time served, to be served without benefit of probation, parole, or suspension of sentence. Defendant filed a motion to reconsider sentence, which was denied by the trial court on September 11, 2017.

The State filed an Habitual Offender Bill on June 26, 2017, charging Defendant as a second and subsequent habitual offender pursuant to La.R.S. 15:529.1. After a hearing on November 29, 2017, the trial court vacated Defendant's sentence, adjudicated him a second felony offender, and resentenced him to serve seventy years at hard labor, without benefit of probation, parole, or suspension of sentence. Defendant filed a motion to reconsider his habitual offender sentence, contending that the original forty-year sentence was appropriate. The trial court denied his motion on December 13, 2017.

Defendant appealed his conviction and sentence to this court. In dual opinions released the same day, this court affirmed both Defendant's conviction for attempted second degree murder and his sentence of seventy years at hard labor as an habitual

offender. *State v. Bias*, 18-268 (La.App. 3 Cir. 2/16/19), 265 So.3d 821; and *State v. Bias*, 18-665 (La.App. 3 Cir. 2/6/19), 265 So.3d 35. The Louisiana Supreme Court denied Defendant's writ application on April 22, 2019. *State v. Bias*, 19-0416 (La. 4/22/19), 268 So.3d 300.

In 2019, after this court had affirmed Defendant's conviction and sentence in this case, the Louisiana Supreme Court decided *State v. Lyles*, 19-203 (La. 10/22/19), 286 So.3d 407, holding that the amendments to the Habitual Offender Law contained in 2017 La. Acts No. 282, § 2 apply to those defendants whose habitual offender bills were filed before November 1, 2017, and whose convictions became final after that date. The changes in the 2017 amendments changed the potential sentencing range from between twenty-five and one hundred years to between sixteen and two-thirds to one hundred years. Based on the Louisiana Supreme Court's decision in *Lyles,* Defendant filed a uniform motion to correct an illegal sentence in the trial court, arguing that his habitual offender sentence was illegal pursuant to the 2017 amendments to the Habitual Offender Law. The trial court denied Defendant's motion to correct illegal sentence, and Defendant filed an application for supervisory writs with this court.

On June 29, 2021, this court granted the writ and remanded the matter to the trial court for resentencing. *State v. Bias*, 20-74 (La.App. 3 Cir. 6/29/21) (unpublished writ decision), *writ denied*, 21-1214 (La. 1/19/22), 331 So.3d 328. On February 1, 2022, the trial court resentenced Defendant to sixty years at hard labor, to be served without benefit of probation, parole, or suspension of sentence. A motion for appeal and designation of record was granted on August 17, 2022, and the Louisiana Appellate Project was appointed to represent Defendant on appeal.

2

Meanwhile, in 2021, Defendant filed for post-conviction relief, alleging that he was convicted by a non-unanimous jury, thus his verdict was unconstitutional per the holding in *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390 (2020). The trial court denied Defendant's claims for post-conviction relief on March 31, 2021. Defendant filed an application for review, which this court denied on May 26, 2022, noting that *Ramos* does not apply retroactively on collateral review. *State v. Bias*, 21-436 (La.App.3 Cir. 5/26/22) (unpublished writ decision). Defendant then filed an application for writ of review with the Louisiana Supreme Court, which is still pending in docket number 22-KP-992.

Defendant is now seeking review by this court, raising two assignments of error.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, Defendant argues that the non-unanimous ten to two verdict against him violated *Ramos*, 590 U.S. ___, which requires a unanimous verdict to support a conviction for a serious offense. He argues that *Ramos* applies to his case, claiming that it is still pending on direct review. However, this claim is erroneous because Defendant's conviction for attempted second degree murder became final when it was affirmed by this court in 2019. *Bias*, 265 So.3d 821.

Defendant may be laboring under the misapprehension that his resentencing has returned his conviction to the direct review process. While he does not make this

argument in his brief, it is a logical explanation for his attempt to raise a *Ramos* argument approximately three years after his conviction became final.

The State noted in its brief that the habitual offender proceeding does not affect the finality of the conviction, citing *State v. Sylvester*, 21-441, pp. 6-10 (La.App. 3 Cir. 12/15/21), 330 So.3d 1129, 1143-44, *writ denied*, 22-104 (La. 4/26/22), 336 So.3d 893, which explained:

> The Louisiana Supreme Court recently addressed the finality of a conviction on subsequent appeal of a habitual offender resentencing in *State v. Kennon,* 19-998 (La. 9/9/20), [340] So.3d [881], . . . In that case, the defendant argued that his conviction was not yet final because appellate review of the habitual offender sentence was ongoing. The supreme court disagreed and held:
>
>> To accept defendant's view that his conviction does not become final until his habitual offender adjudication and sentence become final, despite the fact that appellate review of his conviction has been completed, would require the court to read "offenders whose convictions became final on or after November 1, 2017," in Section 2 of Act 282 as "offenders whose convictions and sentences became final" instead. Just as we were bound by this unequivocal language in *Lyles* to find that defendant was entitled to be sentenced under La.R.S. 15:529.1 as amended by 2017 La. Acts 282, we are bound by it here to find this defendant is not.
>>
>> . . . .
>>
>> While the situation here is complicated by the bifurcated appeals that resulted from the State's decision to pursue recidivist sentence enhancement during the pendency of the first appeal, we think it sufficient to find *Lyles* does not apply here because a conviction is a conviction, while this court has consistently found a habitual offender proceeding is "merely part of sentencing." *State v. Langendorfer*, 389 So.2d 1271, 1276-77 (La. 1980). It is well-settled that, "A defendant is not convicted of being a habitual offender. Rather, a defendant is adjudicated as a habitual offender as a result of prior felony convictions. The sentence to be imposed following a habitual offender adjudication is simply an enhanced penalty for the underlying conviction." *State v. Parker*, 03-0924, p. 15 (La. 4/14/04), 871 So.2d 317, 325-326. The

4

only appellate review ongoing here pertains to defendant's habitual offender sentence. Direct review of the conviction itself ceased before November 1, 2017.

*Id.* at [886-87]. In *State v. Brown*, 19-370 (La.App. 5 Cir. 1/15/20), 289 So.3d 1179, *writ denied*, 20-276 (La. 6/22/20), 297 So.3d 721, *cert. denied*, ___ U.S. ___, 141 S.Ct. 1396, 209 L.Ed.2d 133 (2021), the defendant's convictions and sentences were affirmed and became final in 1997. In 2018, Mr. Brown's sentence was amended to make him parole eligible. On appeal of his new sentence, Mr. Brown asserted that for purposes of *Ramos* his convictions were not yet final in light of his resentencing under *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and appeal of that sentence. The fifth circuit noted, however, that "Mr. Brown's instant appeal must be limited to matters of his resentencing. Though his sentences are pending, his convictions on both counts have already been affirmed and are final." *Brown* 289 So.3d at 1185. The court further held that,

> As stated, this court already affirmed Mr. Brown's convictions and sentences on April 9, 1997, following his original appeal. The Louisiana Supreme Court denied writs on October 31, 1997. On that day, his convictions and sentences became final. See La. C.Cr.P. art. 922(D). Although Mr. Brown was resentenced pursuant to *Miller*, and now legitimately exercises his right to appeal that resentencing, his resentencing does not allow him the opportunity to challenge his previously affirmed convictions, as he asserts.

*Id.* at 1187. Further, the court held that "generally, a defendant is not entitled to a second error patent review of the matters encompassed in the first appeal[,]" as any errors relating to his conviction were scrutinized in the first appeal. *Id.* at 1188. The supreme court denied Mr. Brown's writ, with Chief Justice Johnson concurring:

> I concur in the denial of the defendant's writ application despite his conviction by a non-unanimous jury verdict in this case. After Mr. Brown was resentenced pursuant to *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and *Montgomery v. Louisiana*, 577 U.S. 190, 136 S. Ct. 718, 193 L.Ed.2d 599 (2016), he was entitled to an appeal of his new sentence, not the underlying conviction. La.C.Cr.P. art. 912(C)(1). Therefore his 1996 conviction was final long before the United States Supreme Court's decision in *Ramos v. Louisiana*, ___ U.S. ___, 140 S. Ct. 1390, 206 L.Ed.2d 583 (2020). I write separately to emphasize that this writ denial does not preclude Mr. Brown from making a collateral

challenge to his conviction by non-unanimous jury verdict under La. C. Cr. P. art. 930.3(1) and 930.8(A)(2).

*State v. Brown*, 20-276 (La. 6/22/20), 297 So.3d 721.

Similarly, in *State v. Johnson*, 19-969, p. 10 (La.App. 1 Cir. 8/6/20), 311 So.3d 370, 378, the first circuit held that

> defendant's conviction, affirmed in 2008, became final long before the *Ramos* decision. Accordingly, we find that while defendant was entitled to appeal his new sentence under *Miller*, he is not entitled to appeal his conviction pursuant to *Ramos*, wherein the *Ramos* Court specifically found that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal.

> In the instant case, Mr. Sylvester's conviction was affirmed by this court in 2018, and the supreme court denied writs in 2019. Although this court vacated Mr. Sylvester's habitual offender sentence, this did not change the finality of his affirmed conviction. Considering the preceding jurisprudence, Mr. Sylvester's appeal of his new sentence following the vacated habitual offender sentence does not open the door for relitigation of any issues regarding his initial conviction. Mr. Sylvester's conviction remains final and therefore, he is not entitled to relief under *Ramos*.

*Sylvester,* 330 So.3d at 1143-44. In the present case, considering this court's holding in *Sylvester*, it is clear that Defendant is not entitled to relief under *Ramos*. His conviction for attempted second degree murder became final in 2019 and is no longer pending on direct review.

Additionally, as outlined in the procedural history above, this court has already denied a writ application by Defendant in which he sought retroactive application of *Ramos*. *Bias*, 21-436. That case is now before the Louisiana Supreme Court for review.

For the reasons discussed, this assignment of error lacks merit.

6

# ASSIGNMENT OF ERROR NO. 2

In his second assignment of error, Defendant argues that his sentence of sixty years at hard labor without benefits is constitutionally excessive. He objected to the new sentence at his resentencing hearing, without citing any reasons. His current argument in this appeal is a bare claim of excessiveness, along with a sub-argument that the trial court did not give due consideration to the fact that Defendant was convicted by a non-unanimous jury.

The State notes in its brief that this court has previously held that Defendant's original habitual offender sentence of seventy years was not excessive. As mentioned above in the procedural history, Defendant gained his ten-year sentence reduction because this court held that the 2017 amendments to the Habitual Offender Law, La.R.S. 15:529.1, applied to his case. *Bias*, 20-74. At the February 1, 2022 resentencing hearing, the State acknowledged that the ameliorative amendment to La.R.S. 15:529.1 changed the sentencing term from a range of twenty-five to one hundred years to a range of sixteen and two-thirds to one hundred years.[1] Defendant does not dispute that this is the applicable range. This court notes that constitutional excessiveness played no role in Defendant's previous resentencing.

As this court has already determined that a seventy-year sentence was not constitutionally excessive, this court now finds that Defendant's current sixty-year sentence is also not excessive and is appropriate. Defendant has shed no new light on the underlying crime, which was clearly a violent attack, or on his criminal history. At the resentencing hearing, Defendant took the stand and claimed to be rehabilitated,

---

[1] Under La.R.S. 14:27(D)(1)(a) and 14:30.1, the sentencing range for attempted second degree murder is ten to fifty years. Thus, the State correctly stated the applicable habitual offender sentencing range under La.R.S. 15:529.1(A)(1), which prescribes a sentence of not less than one-third of the longest term nor more than twice the longest term for a first offense of the crime at issue.

presenting certificates regarding various programs he has completed. The trial court acknowledged the certificates and the ameliorative changes to La.R.S. 15:529.1 and reduced Defendant's sentence by ten years while noting the violent nature of the underlying crime.

On appeal, Defendant's brief does not highlight his earlier assertions of rehabilitation but instead focuses on the argument that the trial court should have given more weight to Defendant's non-unanimous jury verdict. However, Defendant has not cited and this panel has not found any jurisprudence to support his implication that the non-unanimous verdict should have been a mitigating factor in his sentence. Even his trial counsel appeared to have some reservations regarding whether the nature of the verdict had any bearing on the sentence, stating at the resentencing hearing, "[Defendant] just wanted the Court to know that he was convicted on a ten-to-two sentence [sic]. And I don't think that's quite important for sentencing, but it may be a consideration of the [sic] Court would want to know. He did want me to convey that."

On appeal, Defendant has failed to show any reason that his reduced sentence of sixty years should be found excessive when this court has already found that his original sentence of seventy years was not.

For the reasons discussed, this assignment of error lacks merit.

## DECREE

Defendant's conviction as a second and subsequent habitual offender and his sentence of sixty years at hard labor, to be served without benefit of probation, parole, or suspension of sentence, are affirmed.

**AFFIRMED.**